IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. AKIN, | : CIVIL ACTION NO. |
| | : 1:09-cv-02484-SHR |
| Plaintiff | : |
| | : Judge Sylvia H. Rambo |
| v. | : |
| | : JURY TRIAL DEMANDED |
| YORK COUNTY PRISON, MARY | : |
| SABOL, TEAMSTERS LOCAL | : |
| UNION 776, and MARK ANDREOZZI, | : FILED ELECTRONICALLY |
| | : |
| Defendants | : |

**BRIEF IN SUPPORT OF DEFENDANT MARY SABOL'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

## I.   PROCEDURAL HISTORY

Plaintiff, Robert J. Akin, filed a Complaint against, inter alia, his former employer, the York County Prison, and Mary Sabol, Chief Deputy Warden, alleging various claims/causes of action under the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

Defendant, Mary Sabol, now moves to dismiss Plaintiff's claims under the ADA and ADEA, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because the allegations fail to state claims upon which relief can be granted against Defendant Sabol, and Plaintiff's claims under the ADA, ADEA

{L0403204.1}

and PHRA because they are outside the scope of any charge filed by Plaintiff with the Pennsylvania Human Relations Commission ("PHRC").

## II. STATEMENT OF FACTS

Plaintiff was employed by the York County Prison as a Corrections Officer (Complaint ¶17). At all times relevant hereto, Defendant Mary Sabol was Chief Deputy Warden for the York County Prison (Complaint ¶10). In June 2007, Plaintiff had back surgery (Complaint ¶20). In November 2007, Plaintiff was released by his doctor for light duty employment (Complaint ¶22). Plaintiff was told by the York Prison that it was unable to accommodate his light duty restrictions (Complaint ¶22). On February 28, 2008, Plaintiff's employment was terminated after Plaintiff had exhausted all of his available leave time and was unable to return to work (Complaint ¶28, Exhibit I).

## III. STATEMENT OF QUESTIONS INVOLVED

1. Whether Plaintiff's claims under the ADEA and ADA against Defendant Sabol should be dismissed because there is no individual liability under such Acts?
**Suggested Answer: Yes.**

2. Whether Plaintiff's claims for Age Discrimination and Disability Discrimination against Defendant Sabol should be dismissed because they are outside the scope of any charge filed by Plaintiff with the EEOC and PHRC?
**Suggested Answer: Yes.**

## IV. ARGUMENT

A. **Plaintiff's Claims Against Mary Sabol Under the ADEA and ADA Should Be Dismissed Because Defendant Sabol Cannot Be Held Personally Liable Under The ADEA and ADA.**

Plaintiff alleges claims under the ADEA and ADA against Mary Sabol for age discrimination and disability discrimination.

The Third Circuit has followed the majority of the Federal Circuit Courts of Appeal in holding that individual employees and supervisors cannot be held liable under the ADA and ADEA. See Hill v. Borough of Kutztown, 455 F.3d 225, 246 (3d Cir. 2006)(There is no individual supervisor liability under the ADEA); Koslow v. Pennsylvania, 302 F.3d 161 (3d Cir. 2006)(There is no individual liability under the ADA).

Accordingly, Plaintiff's claims for age discrimination and disability discrimination under the ADA and ADEA against Mary Sabol individually should be dismissed.

B. **Plaintiff's Claims For Age And Disability Discrimination Under The ADEA, ADA And PHRA Should Be Dismissed Because They Are Outside The Scope Of Any Complaint Filed By The Plaintiff With The EEOC and PHRC.**

Before seeking judicial relief under the ADA, ADEA and PHRA, "a plaintiff must exhaust all administrative remedies . . ." Dubose v. District 1199C, 105 F. Supp. 2d 403, 410 (E.D. Pa. 2000). The exhaustion requirement is designed to provide sufficient notice to the defendant concerning the charges against it and to

provide the opportunity for voluntary compliance without resort to litigation. <u>Kern v. Schuylkill Intermediate Unit 29</u>, 2010 U.S. Dist. LEXIS 3216 (M.D. Pa. 2010 (citing <u>Fucci v. Graduate Hosp.</u>, 969 F. Supp. 310, 316 (E.D. Pa. 1997).

A plaintiff is precluded from raising any discrimination claim that "was not the subject of an administrative charge, was outside the scope of the charge or was outside the scope of the investigation which can reasonably be expected to grow out of the charge." <u>Ostapowicz v. Johnson,</u> 541 F.2d 394, 398-99 (3d Cir. 1976).

In the case at bar, Plaintiff has alleged claims against not only his former employer, the York County Prison, but also Mary Sabol, Chief Deputy Warden, in her individual capacity. Plaintiff filed an administrative charge against the York County Prison, which is attached to his Complaint. However, Plaintiff did not in any way file a claim against Ms. Sabol in her individual capacity before the PHRC or EEOC. <u>See</u> Exhibits A and B to Plaintiff's Complaint.

In addition, it is important to note that the acts alleged by Plaintiff against Sabol in his claim before this Court are not new acts that occurred after the filing of any administrative charge. The acts occurred concurrently with those alleged in Plaintiff's administrative complaint with the EEOC or PHRC and Plaintiff had sufficient time to amend his administrative complaint to include a claim against Sabol individually, which he never did. <u>Neibauer v. Philadelphia College of</u>

{L0403204.1}

Pharmacy and Science, No. 92-CV-1993, 1992 U.S.Dist. LEXIS 9702 at *2(E.D.Pa. 1992).

Because Plaintiff has failed to exhaust his administrative remedies with regard to his claims against Mary Sabol, Plaintiff's Complaint against her should be dismissed. As a matter of law, this Court lacks subject matter jurisdiction over any such claim.

## V.   CONCLUSION

Based upon all of the foregoing reasons, this Court should grant Defendant Sabol's Motion to Dismiss and dismiss, with prejudice, Plaintiff's Complaint in its entirety against Mary Sabol.

                    S/Renee C. Mattei Myers
                    Renee C. Mattei Myers
                    PA ID No. 73099
                    rmyers@eckertseamans.com
                    Michael McAuliffe Miller
                    PA ID No. 78507
                    mmiller@eckertseamans.com
                    Eckert Seamans Cherin & Mellott, LLC
                    213 Market Street, 8th Floor
                    Harrisburg, PA  17101
                    (717) 237-7174
                    Counsel for Defendant, Mary Sabol

Dated: March 15, 2010

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2010, I served a true and correct copy of the foregoing Brief in Support of Defendants' Motion to Dismiss Plaintiff's Complaint by Electronic Filing or by United States First Class Mail, postage prepaid, addressed as follows:

>Robert S. Mirin
>2515 North Front Street
>Harrisburg, PA  17110

>>S/Renee C. Mattei Myers
>>Renee C. Mattei Myers

{L0403204.1}