IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. AKIN, | : | CIVIL ACTION NO. |
| | : | 1:09-cv-02484-SHR |
| Plaintiff | : | |
| | : | Judge Sylvia H. Rambo |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| YORK COUNTY PRISON, MARY SABOL, TEAMSTERS LOCAL UNION 776, and MARK ANDREOZZI, | : : : | FILED ELECTRONICALLY |
| | : | |
| Defendants | : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, YORK COUNTY PRISON, TO PLAINTIFF'S COMPLAINT

Defendant, York County Prison ("Defendant"), by and through its undersigned counsel, submits the following as its Answer and Affirmative Defenses to Plaintiff's Complaint. Each paragraph of the Second Defense corresponds to the same-numbered paragraph of the Complaint:

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

1. Defendant admits that Plaintiff purports to bring claims against Defendants under the Age Discrimination in Employment Act, the Americans with

{L0397707.1}

Disabilities Act and the Pennsylvania Human Relations Act. Defendant denies that Plaintiff is entitled to any such relief. The remaining allegations of paragraph 1 of the Complaint are conclusions of law to which no response is required. If, and to the extent that a response is deemed to be required, Defendant denies the allegations of paragraph 1.

2. The allegations of paragraph 2 of the Complaint are conclusions of law to which no response is required. If, and to the extent that a response is deemed to be required, Defendant denies the allegations of paragraph 2.

3. Defendant admits that Plaintiff purports to bring claims against Defendant under the Age Discrimination in Employment Act and the Americans with Disabilities Act. Defendant denies that Plaintiff is entitled to any such relief. The remaining allegations of paragraph 3 of the Complaint are conclusions of law to which no response is required. If, and to the extent that a response is deemed to be required, Defendant denies the allegations of paragraph 3.

4. Defendant admits that Plaintiff purports to bring claims against Defendant under the Pennsylvania Human Relations Act. Defendant denies that Plaintiff is entitled to any such relief. The remaining allegations of paragraph 4 of the Complaint are conclusions of law to which no response is required. If, and to the extent that a response is deemed to be required, Defendant denies the allegations of paragraph 4.

2

{L0397707.1}

5. The allegations of paragraph 5 of the Complaint are conclusions of law to which no response is required. If, and to the extent that a response is deemed to be required, Defendant denies the allegations of paragraph 5.

6. Defendant admits that the York County Prison is located in York Pennsylvania. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies same and demands strict proof thereof.

7. The allegations of paragraph 7 of the Complaint are conclusions of law to which no response is required. If, and to the extent that a response is deemed to be required, Defendant denies the allegations of paragraph 7.

8. Defendant admits that Plaintiff is an adult individual. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 and, therefore, denies same and demands strict proof thereof.

9. Admitted.

10. Defendant admits that Mary Sabol is currently employed as Chief Deputy Warden for the York County Prison. The remaining allegations of paragraph 10 are denied.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, therefore, denies same and demands strict proof thereof.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, therefore, denies same and demands strict proof thereof.

13. a) Defendant admits that Plaintiff filed a complaint with the PHRC which was purported to be filed with the EEOC. The complaint, being in writing, speaks for itself. The remaining allegations of paragraph 13 a) of the Complaint are conclusions of law to which no response is required. If and to the extent that a response is deemed to be required, Defendant denies the allegations of paragraph 13 a).

b) Defendant admits that Plaintiff filed a complaint with the PHRC which was purported to be filed with the EEOC. Defendant further admits that it filed an answer to Plaintiff's complaint. The documents, being in writing, speak for themselves. The remaining allegations of paragraph 13 b) are denied.

c) Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 c) of the Complaint and, therefore, denies same and demands strict proof thereof.

d) Defendant admits that Plaintiff filed a complaint with the PHRC which was purported to be filed with the EEOC. The complaint, being in writing, speaks for itself.

e) Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 e) of the Complaint and, therefore, denies same and demands strict proof thereof.

14. a-e) Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 14 a-e) of the Complaint and, therefore, denies same and demands strict proof thereof.

15. The allegations of paragraph 15 of the Complaint are conclusions of law to which no response is required. If and to the extent that a response is deemed to be required, Defendant denies the allegations of paragraph 15.

16. Defendant's responses to paragraphs 1 through 15 of the Complaint are incorporated by reference herein as though fully set forth in their entirety.

17. Denied as stated. Defendant admits that Plaintiff was employed by the York County Prison as a Corrections Officer from May 4, 1999 through February 29, 2008.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, therefore, denies same and demands strict proof thereof.

19. Denied as stated. Defendant admits that Plaintiff was employed by the York County Prison from May 1999 through February 2008 and, on occasion, worked overtime. Defendant denies the remaining allegations of paragraph 19 of the Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and, therefore, denies same and demands strict proof thereof.

21. Defendant admits that throughout his employment, Plaintiff provided various documentation from his treating physicians. The remaining allegations of paragraph 21 are denied.

22. Defendant admits that on or about November 13, 2007, Plaintiff provided the York County Prison with a physician's note releasing him to return to work with restrictions. The document, being in writing, speaks for itself.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and, therefore, denies same and demands strict proof thereof.

24. Defendant admits that as a Corrections Officer, Plaintiff performed various functions including "floor control". Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of paragraph 24 of the Complaint and, therefore, denies same and demands strict proof thereof.

25.  Denied.

26.  Denied.

27.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and, therefore, denies same and demands strict proof thereof.

28.  Defendant admits that Mary Sabol mailed Plaintiff a letter dated February 19, 2008 regarding his employment status. The letter, being in writing, speaks for itself.

29.  Denied as stated. Defendant admits that in February 2008, the York County Prison hired twelve Corrections Officers.

30.  a) Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 a) of the Complaint and, therefore, denies same and demands strict proof thereof.

b) Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 b) of the Complaint and, therefore, denies same and demands strict proof thereof.

31.  Defendant admits that Mary Sabol met with Mark Andreozzi on or about March 28, 2008 to discuss Plaintiff's employment status.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and, therefore, denies same and demands strict proof thereof.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint and, therefore, denies same and demands strict proof thereof.

34. Defendant admits that Plaintiff filed a complaint with the PHRC. The document, being in writing. speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 of the Complaint and, therefore, denies same and demands strict proof thereof.

35. Defendant's responses to paragraphs 1 through 34 of the Complaint are incorporated by reference herein as though fully set forth in their entirety.

36. Denied.

37. Denied.

38. Denied.

As to the unnumbered paragraph after paragraph 38 of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant is not liable to Plaintiff.

39. Defendant's responses to paragraphs 1 through 38 of the Complaint are incorporated here by reference as though fully set forth in their entirety.

40. Denied.

41. Denied.

42. Denied.

As to the unnumbered paragraph after paragraph 42 of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant is not liable to Plaintiff.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of justification, waiver and estoppel.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FIFTH DEFENSE

Plaintiff has failed to set forth a prima facie case of age or disability discrimination.

{L0397707.1}

## SIXTH DEFENSE

All actions taken by Defendant with respect to Plaintiff were made in good faith, without malice, ill will or reckless indifference and were not willful or outrageous. Defendant had reasonable grounds for believing that its conduct did not violate any laws and, in fact, Defendant did not violate any laws.

## SEVENTH DEFENSE

Plaintiff's own conduct caused or otherwise contributed to the actions of which he now complains. Plaintiff assumed the risk of his own conduct in this matter.

## EIGHTH DEFENSE

Upon information and belief, Plaintiff has failed to properly mitigate his damages.

## NINTH DEFENSE

Plaintiff is not entitled to any of the relief prayed for in the Complaint. There is no legal or factual basis for punitive and/or compensatory damages in this case. No willful or reckless violation of law or statute occurred. At all times, Defendant exhibited good faith efforts to comply with the ADA, ADEA and PHRA.

## TENTH DEFENSE

Plaintiff does not have a disability as defined by the ADA or PHRA.

{L0397707.1}

## ELEVENTH DEFENSE

Plaintiff was not a qualified individual with a disability as defined by the ADA or PHRA.

## TWELFTH DEFENSE

Defendant did not discriminate against Plaintiff on the basis of age or disability, did not regard Plaintiff as disabled, and did not fail to reasonably accommodate Plaintiff. In the alternative, the accommodations, if any, requested by Plaintiff were unreasonable, or otherwise presented an undue hardship to Defendant.

## THIRTEENTH DEFENSE

Plaintiff failed to engage in the interactive process relating to reasonable accommodations as mandated by the ADA and PHRA.

## FOURTEENTH DEFENSE

Actions taken or decisions made by Defendant concerning Plaintiff were based upon legitimate, non-discriminatory reasons which were not pretextual.

## FIFTEENTH DEFENSE

Defendant has not discriminated against Plaintiff on the basis of his age or alleged disability. Defendant has not violated any of Plaintiff's rights or harmed

him in any way. To the contrary, Defendant, at all times, acted lawfully toward Plaintiff.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to satisfy the statutory and/or administrative prerequisites for bringing suit under the ADA, ADEA and/or PHRA.

### SEVENTEENTH DEFENSE

No aiding and abetting discrimination occurred as defined by the PHRA

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because they are outside the scope of any administrative charge filed with the EEOC or PHRC.

### NINETEENTH DEFENSE

Plaintiff is not entitled to a jury trial under the PHRA.

### TWENTIETH DEFENSE

Plaintiff is not entitled to recover counsel fees under the PHRA. No right to punitive damages exists under the PHRA.

{L0397707.1}

## **TWENTY-FIRST DEFENSE**

There is no individual liability under the ADA and ADEA.

WHEREFORE, Defendant, York County Prison, respectfully requests that judgment be entered in its favor and against Plaintiff and that Defendant, York County Prison, be awarded attorneys' fees, costs and expenses incurred in defense of this matter.

S/Renee C. Mattei Myers
Renee C. Mattei Myers
PA ID No. 73099
rmyers@eckertseamans.com
Michael McAuliffe Miller
PA ID No. 78507
mmiller@eckertseamans.com
Eckert Seamans Cherin & Mellott, LLC
213 Market Street, 8th Floor
Harrisburg, PA  17101
(717) 237-7174
Counsel for Defendant,
York County Prison

Dated: March 15, 2010

{L0397707.1}

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2010, I served a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiff's Complaint by Electronic Filing or by United States First Class Mail, postage prepaid, addressed as follows:

Robert S. Mirin<br>
2515 North Front Street<br>
Harrisburg, PA 17110

S/Renee C. Mattei Myers
Renee C. Mattei Myers

{L0397707.1}