IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT J. AKIN**, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:09-CV-02484 |
| | : | |
| vs. | : | (Judge Sylvia H. Rambo) |
| | : | |
| **YORK COUNTY PRISON, et al.,** | : | Filed Electronically |
| | : | |
| Defendants. | : | |

### BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

### I. PROCEDURAL HISTORY

Plaintiff Robert J. Aiken, filed the instant Complaint alleging, in two Counts, causes of action under the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA").

Defendants Mark Andreozzi and Teamsters Local Union 776 move to dismiss the claims under both counts pursuant to Federal Rule of Civil Procedure

12(b)(6), inasmuch as the allegations fail to state claims upon which relief can be granted.

## II. **STATEMENT OF FACTS**

Plaintiff was employed by the York County Prison. (Complaint at Para. 17). The York County Prison terminated Plaintiff's employment on or about February 28, 2008 because he had exhausted all of his leave time and was unable to return to work. (Complaint at Para. 28 and Exhibit I to Plaintiff's Complaint). The York County Prison asserted that it was not able to accommodate Plaintiff's light duty restrictions. (Complaint at Para. 22).

Defendant Mark Andreozzi was not listed as a Charged Party in any Equal Employment Opportunity Commission or Pennsylvania Human Relations Commission proceedings related to Robert Akin. (See Exhibits A and B to Plaintiff's Complaint; Exhibit "E" to Plaintiff's Complaint; Affidavit of Mark Andreozzi at Para. 2). Plaintiff never requested or suggested to the Union or to Defendant Mark Andreozzi that he desired light duty work or accommodations. (Affidavit of Mark Andreozzi at Para. 14-15).

Defendants Mark Andreozzi and the Union pursued the grievance, advocated, and negotiated Plaintiff's grievance. (Affidavit of Mark Andreozzi at Para. 6-8). Plaintiff was not released to work, and his return, to the best of the

knowledge of Defendants, would be against medical advice. (Affidavit of Mark Andreozzi at Para. 10). Plaintiff did not provide to Defendants Mark Andreozzi or the Union, prior to his termination, any light duty restrictions indicating that he could return to work in a limited or an unlimited capacity. (Affidavit of Mark Andreozzi at Para. 9).

The operative collective bargaining agreement does not contain any provision mandating light duty assignments for non-workers' compensation injuries or conditions. (Affidavit of Mark Andreozzi at Para. 12; Exhibit "A"). The Union has not successfully in the past attained light duty positions for employees of any age with non-work related injuries or health conditions where the Employer deemed the employee not fit for duty. (Affidavit of Mark Andreozzi at Para. 13).

On or about July 8, 2008, nearly five months after Plaintiff's termination, Defendant Mark Andreozzi received a letter from Robert S. Mirin, Esquire. (Exhibit "G" to Affidavit of Mark Andreozzi). The letter makes no mention of, or request for, provision of light duty assignments. The letter further indicates an improper purpose for joining the Union as a party. (Affidavit of Mark Andreozzi at Para. 11).

### III. STATEMENT OF QUESTIONS INVOLVED

A. Whether Plaintiff's Complaint should be dismissed as to Defendant Andreozzi because he was not named in any charge filed by Plaintiff with the EEOC or PHRC and because no liability for damages exists under the relevant federal Acts in this instance?

  **Suggested Answer:** Yes.

B. Whether Plaintiff's claims against Defendants Andreozzi and Teamsters Local Union 776 should be dismissed because they fail to state claims under which relief could be granted relative to either Defendant?

  **Suggested Answer:** Yes

C. Whether the joinder of Defendants Teamsters Local Union 776 and Mark Andreozzi occurred for improper purposes and is subject to sanctions by the Court?

  **Suggested Answer:** Yes

### IV. ARGUMENT

Although this Court must accept Plaintiff's allegations as true for the purpose of deciding on the Motion, the Court is free to disregard the legal claims, deductions, and conclusions reached by Plaintiff in his Complaint. Jordan v. Fox,

Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  Where the Complaint fails to establish factual bases that would entitle Plaintiff to the relief he seeks, the Complaint should be dismissed.  Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985).

Should the Honorable Court require utilization of the additional materials outside the face and exhibits to Plaintiff's Complaint, the instant motion may be construed as a Motion for Summary Judgment.  FED. R. CIV. P. 12(b)(6); Gudalefrsky v. Pennsylvania Department of Transportation, 2007 U.S. Dist. LEXIS 6131 (M.D. Pa. Jan. 29, 2007).  However, undisputedly authentic documents, or documents upon which a Plaintiff bases his or her claims, may be considered without conversion to a Motion for Summary Judgment.  Pension Benefits Guaranty Corp. v. White Consolidated Industries, 998 F.2d 1192, 1196 (3d Cir. 1993).

    **A.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANT ANDREOZZI BECAUSE HE WAS NOT NAMED IN ANY CHARGE FILED BY PLAINTIFF WITH THE EEOC OR PHRC AND BECAUSE NO LIABILITY FOR DAMAGES EXISTS UNDER THE ACTS IN THIS INSTANCE.**

Plaintiff's Complaint asserts that Defendant Andreozzi is being sued in his "professional capacity."  (Complaint at Para. 12).  However, it also claims to

"seek[] damages from Teamsters Local Union 776 ("Teamsters") and Mark Andreozzi…" (Complaint at Para. 2). However, no individual acts are alleged in the Complaint on the part of Defendant Andreozzi that would constitute discriminatory action in violation of the ADA or ADEA. Additionally, the undisputable facts indicate that vigorous representation was undertaken on the part of the Union and Mr. Andreozzi.

Moreover, individuals are not to be subject to liability under either the ADA or the ADEA. See, e.g. Hill v. Borough of Kutztown, 455 F.3d 225, 246 (fn. 29) (3d Cir. 2006); Koslow v. Pennsylvania, 302 F.3d 161 (3d Cir. 2006); Horowitz v. Bd. of Educ. of Avoca School Dist., 260 F.3d 602, 610 (fn. 2) (7th Cir. 2001); Medina v. Ramsey Steel Co. Inc., 238 F.3d 674, (5th Cir. 2001); Smith v. Lomax, 45 F.3d 402, 403 (fn. 4) (11th Cir. 1995). As a result, Plaintiff's federal allegations against Defendant Andreozzi must be dismissed.

Additionally, Defendant Andreozzi is not a covered entity under the federal Acts. For example, the ADA forbids discrimination by covered entities:

> General Rule. No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

Title 1 of the Americans With Disabilities Act, §102(a). A "covered entity" is

6

defined as "an employer, employment agency, labor organization, or joint labor-management committee." Id. at §101(2). There is no allegation that the Defendant Andreozzi, is an employer, employment agency, labor organization, or joint committee. Accordingly, while the Act may cover discrimination by those entities, it does not permit joining of individual defendants who are not the entities described in Section 102(a).

Plaintiff's allegations against Defendant Andreozzi in either a personal or professional capacity must also be dismissed because Plaintiff failed to name Defendant Andreozzi as a charged party in the administrative proceedings before the EEOC or PHRC. Even if Plaintiff could otherwise maintain an action against Defendant Andreozzi in some capacity, Plaintiff is precluded from doing so in that he did not exhaust all administrative remedies relative to Defendant Andreozzi. Dubose v. District 1199C, 105 F. Supp. 2d 403, 410 (E.D. Pa. 2000). Plaintiff did not name Mr. Andreozzi as a respondent in either an individual or a professional capacity and, therefore, all Counts must be dismissed. Plaintiff filed administrative charges against York County Prison, and later amended the materials to be filed against the Union, but in no way at any time appropriately filed a claim against Mr. Andreozzi. (See Exhibits A and B to Plaintiff's Complaint).

The Supreme Court discussed at length the EEOC's function and the overall enforcement scheme in <u>Occidental Life Insurance Co. v. EEOC</u>, 432 U.S. 355, 358-73 (1977). Although the EEOC originally was involved only in conciliation efforts, with the enactment of the Equal Employment Opportunity Act of 1972, "Congress established an integrated, multi-step enforcement procedure culminating in the EEOC's authority to bring a civil action in a federal court." <u>Id</u>. at 359. Plaintiff did not avail himself of the procedures relative to Defendant Andreozzi.

Although the Pennsylvania Human Relations Act does contemplate individual liability, it does not contemplate bypassing the necessary procedures before the PHRC relative to individuals from whom a Plaintiff is seeking damages.

To the extent that the suit is pursued against Mr. Andreozzi only in a professional capacity, this claim is to be treated as a claim against the entity only. <u>See</u> <u>Thomas v. Derry Township</u>, 1999 U.S. Dist. LEXIS 21929, at *6 (fn. 2) (W.D. Pa. 1999). Accordingly, in that the Union is separately named, the claims against Mr. Andreozzi are, at best redundant, superfluous, and unnecessary, and, at worst and more likely, brought purely as an attempt to harass and intimidate (See Section C below), and should be dismissed.

B.  **PLAINTIFF'S CLAIMS AGAINST DEFENDANTS ANDREOZZI AND TEAMSTERS LOCAL UNION 776 SHOULD BE DISMISSED BECAUSE THEY FAIL TO STATE CLAIMS UNDER WHICH RELIEF COULD BE GRANTED RELATIVE TO EITHER DEFENDANT.**

The Complaint should be dismissed as to the Defendant Union and Defendant Mark Andreozzi for failure to identify any conduct by either Defendant in violation of any of the Acts.

The Plaintiff is not a qualified individual under the ADA. It is alleged, at best, that Plaintiff was released to light duty, which by definition and job description renders Plaintiff unable to accomplish the essential functions of a dangerous position such as correctional officer. (See Complaint at Para. 23).

The Complaint fails to establish through allegations that the Plaintiff is a qualified individual under the Act. In order to qualify under the Americans with Disabilities Act, Plaintiff must, with or without accommodation be able to perform the essential functions of the employment position that the individual holds. See, e.g., Turco v. Hoechst Celanese Corp., 101 F.3d 1090, 1093 (5th Cir. 1996). Indeed, it appears from the materials with the Complaint that Plaintiff cannot, in fact, perform the essential functions of the employment position, but seeks a completely different position. In order to qualify under the Americans with Disabilities Act, Plaintiff must, with or without accommodation, be able to perform

the essential functions of the employment position that the individual holds. <u>Turco v. Hoechst Celanese Corp</u>., 101 F.3d 1090, 1093 (5th Cir. 1996).

The accommodations requested would place the parties at extreme risk of liability should anything unexpected occur in the prison. This is emphasized in Plaintiff's own Complaint stating that clearance to work was against medical advice. (Complaint at Para. 27). Accordingly, with nothing noted to cushion this liability, the accommodations would not be reasonable at a prison.

No specific action on the part of the Union or Mr. Andreozzi is alleged in the Complaint until March 28, 2008. (See Complaint at Paras. 31 and 32). The only further "factual" allegations involving the Union is a statement that "[p]ursuant to the collective bargaining agreement, Teamsters had successfully pursued light duty employment for non-disabled and younger Correction Officers at York County Prison," and two paragraphs claiming that the Union did not pursue light duty employment for Plaintiff. (Complaint at Paras. 33, 38, and 42). These limited allegations are insufficient to state a case under any of the Acts proposed by Plaintiff.

First and foremost, the statement that "Pursuant to the collective bargaining agreement, the Teamsters had successfully pursued light duty employment for non-disabled and younger Correction Officers at York County Prison" is factually

misleading and in any event insufficient. The collective bargaining agreement was not provided with the Complaint which referenced it, but is provided as Exhibit "A" to the Affidavit of Mark Andreozzi. Nowhere in the contract is there a light duty provision that applies to non-workers' compensation injuries. In order to be otherwise similarly situated to the Plaintiff, this provision must be taken into account, and the Plaintiff, unlike other light duty employees, has not alleged a work injury. Nowhere is it alleged that the Teamsters had successfully pursued light duty employment for employees disabled or injured outside of work, as this would be factually untrue. (See Affidavit of Mark Andreozzi at Paras. 12-13).

Significantly, the Complaint fails to allege any request of the Union for pursuance of light duty. In fact, the first any Union official had heard of a complaint or request from Plaintiff was upon the submission of the sole grievance, which grieves the termination only. (See Exhibit "B" to Affidavit of Mark Andreozzi). In that light duty accommodations were never grieved, and Mr. Andreozzi was never requested to pursue them until long after Plaintiff's termination, for which the Union did pursue relief, it would be impossible to hold that the Plaintiff actually exhausted administrative remedies. This is especially significant in that the only allegation of unlawfulness on the part of the Union in Counts I and II of the Complaint is that the Union refused to pursue light duty.

The Union cannot refuse to pursue that which is never requested. None of this was brought up with the Union until after the termination, when it was too late for accommodations. The Union diligently worked on the Plaintiff's behalf with regard to the termination, even though the Plaintiff did not even attend the March 28, 2008 meeting. See <u>Dykes v. Southeastern Pa. Transportation Authority</u>, 68 F.3d 1564, 1571 (3d Cir. 1995).

The PHRA parallels the ADA and ADEA for all purposes significant to these arguments. See <u>Larry McNeal v. Maritank Philadelphia, Inc.</u>, 1998 U.S. Dist. LEXIS 9894 (E.D. Pa. 1998). Accordingly, all counts relative to the Union and Mark Andreozzi should be dismissed. In any event, there is no subject matter jurisdiction should the ADA and ADEA portions be dismissed. This Court may dismiss all state law claims and decline supplemental jurisdiction should the federal claims of Plaintiff fail. <u>Boneberger v. Plymouth Township</u>, 132 F.3d 20, 23 (3d Cir. 1997).

**C. THE JOINDER OF DEFENDANTS TEAMSTERS LOCAL UNION 776 AND MARK ANDREOZZI OCCURRED FOR IMPROPER PURPOSES AND IS SUBJECT TO SANCTIONS BY THE COURT.**

Sanctions are appropriate under Rule 11 of the Federal Rules of Civil Procedure and Local Rule 83.3.1. As Exhibit "G" to the Affidavit of Mark

Andreozzi clearly establishes, the charge was brought against the Union in an effort to harass and intimidate the Union into achieving a different result:

> Frankly, it is my hope that the Local Union can creatively use its status as an additional charged party to encourage the County to appropriately settle or resolve this matter.

Also notable is the admission in the July 7, 2008 letter that the charge was brought for improper handling of the "termination … through the grievance procedure" and not discrimination in failing to obtain a light duty position, a premise that was never grieved or complained of to the Union by the Plaintiff until long after the termination.

### III.  CONCLUSION

For the reasons stated above, Defendants request that the Court enter an order granting Defendants' Motions to Dismiss.

Respectfully Submitted,

s/ Ira H. Weinstock
Ira H. Weinstock, Esquire (PA 01602)
**IRA H. WEINSTOCK, P.C.**
800 North Second Street
Harrisburg, PA  17102
Telephone:  717-238-1657
Facsimile:  717-238-6691
e-mail:  weinstock.law@verizon.net

# CERTIFICATE OF SERVICE

The undersigned hereby acknowledges that on this date the foregoing document will be served electronically upon the following:

>Robert S. Mirin, Esquire
>2515 N. Front Street
>Harrisburg, PA 17110
>Lewisberry, PA  17339
>Email:  Susquehanna@comcast.net
>
>Renee C. Mattei Myers, Esquire
>Eckert Seamans Cherin & Mellott, LLC
>213 Market Street
>Harrisburg, PA 17101
>Email:  rmyers@eckertseamans.com

Dated: 03/26/2010                              By:   /s/ Ira H. Weinstock